**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF NEW YORK**

---

KAREN ANDERSON and
GARY C. HAMMER,

                    Plaintiffs,

      v.                                             15-CV-999-A
                                                    **DECISION AND ORDER**

WILLIAM AIELLO,
NICHOLAS PERUZZINI,
PETER COLAFRANCESCI,
SA MARK HAGGERY, SA CORNELIUS O'ROURKE,
SA CHARLES DITTMER, SA EUGENE ALLMAN,
SA KEVIN RYAN (RET), SA BRIAN HURWITZ,
BORDER PATROL AGENT JOHN BULLINGTON,
SA EUGENE ALLMAN,
JOHN DOE 8, JOHN DOE 9,
JOHN DOE 10, JOHN DOE 11, JOHN DOE 12,
and JOHN DOE 13,

                    Defendants/Consol. Defendants.

---

On November 18, 2016, the Court directed the Plaintiffs to respond to the Defendants' motion to dismiss (Docket No. 29) by January 6, 2017. The Plaintiffs did not do so. Thus, on January 7, 2017, and in light of the Plaintiffs' *pro se* status, the Court *sua sponte* extended the time for the Plaintiffs to respond to the Defendants' motion to January 23, 2017. In addition, the Court warned that "failure to comply" with the Court's scheduling order "is likely to result in dismissal of [the Plaintiffs'] case with prejudice pursuant to Fed. R. Civ. P. 41(b) and the Court's inherent authority." Docket No. 37. Once again, however, the Plaintiffs failed to respond to the Defendants' motion.

Federal Rule of Civil Procedure 41(b) allows a district court to dismiss a case "[i]f the plaintiff fails to prosecute or comply with [the Rules of Civil Procedure] or a court order."  Courts consider a number of factors when deciding whether to dismiss a case under Rule 41(b).  Those factors include whether:

(1) the plaintiff's failure to prosecute caused a delay of significant duration;

(2) the plaintiff was given notice that further delay would result in dismissal;

(3) the defendant was likely to be prejudiced by further delay;

(4) the need to alleviate court calendar congestion was carefully balanced against the plaintiff's right to an opportunity for a day in court; and

(5) the trial court adequately assessed the efficacy of lesser sanctions.

*Lewis v. Rawson*, 564 F.3d 569, 576 (2d Cir. 2009).  After carefully considering each of these factors, the Court finds that dismissal is warranted in this case.

The first factor "is not relevant where, as here, [the Plaintiffs] failed to comply with [multiple] court orders and otherwise demonstrated a lack of respect for the court." *Peart v. City of New York*, 992 F.2d 458, 461 (2d Cir. 1993).

The second factor supports dismissal: the Court warned the Plaintiffs that failure to respond to the Defendants' motion to dismiss would "likely" result in dismissal. Despite that clear warning, the Plaintiffs still failed to respond to the Defendants' motion.

The third factor also weighs in the Defendants' favor.  The Defendants obviously benefit from moving to dismiss without opposition.  But if the Court denied the Defendants' motion to dismiss (a question on which the Court offers no opinion), this case would proceed to discovery, further motion practice, and, possibly, trial.  The

Defendants "should not be forced to bear the expense of defending a lawsuit" through each of these additional procedural stages "when the plaintiff has shown little or no interest in pursuing that litigation." *Antonios A. Alevizopoulos & Ass'c, Inc. V. Comcast Int'l Holdings, Inc.*, No. 99 Civ. 9311 SAS, 2000 WL 1677984, at *3 (S.D.N.Y. Nov. 8, 2000).

The fourth factor also tips in the Defendants' favor.  This case has not been scheduled for trial, nor has it been scheduled for oral argument.  Thus, it has not put a significant strain on the Court's calendar.  But, at the same time, the Plaintiffs' failure to respond to the Defendants' motion on two different occasions suggests that the Plaintiffs no longer wish to have their day in court.  Likewise, the Plaintiffs' failure to even request additional time to file a response–a procedure with which they are familiar, *see* Docket Nos. 4, 6 & 7–evidences a lack of interest in moving this case forward.  The Court has attempted to protect the Plaintiffs' right to have their case heard, particularly given their status as *pro se* litigants; as noted, the Court *sua sponte* extended the Plaintiffs' deadline for responding to the Defendants' motion to dismiss.  But "[b]ecause [the Plaintiffs] ha[ve] made no effort to comply with the Court's directives or to prosecute [their] action, it would be unfair to the numerous other litigants who await the attention of this Court to permit [the Plaintiff's] suit to remain on the docket." *Feurtado v. City of New York*, 225 F.R.D. 474, 480 (S.D.N.Y. 2004).  In other words, the Court has considered the Plaintiffs' "right to an opportunity for a day in court," *Lewis*, 564 F.3d at 576, but that right is entitled to little weight when the Plaintiffs have not shown an intent to exercise the right.  The Court cannot allow this case to linger on its docket for months and months in the hope that the Plaintiffs will eventually respond to

the Defendants' motion. The fourth factor therefore weighs in the Defendants' favor.

Finally, the Court recognizes that dismissal is a harsh sanction, but it appears that no lesser sanction would be effective. Because the Plaintiffs are proceeding *in forma pauperis*, the Court does not believe that monetary sanctions would be an appropriate or effective sanction. The only other remedy the Court could conceivably employ is to again direct the Plaintiffs to respond to the Defendants' motion to dismiss. But the Plaintiffs' failure to do so on two prior occasions gives the Court little confidence that a third order would be any more effective. "A court need not beg a party to comply with its orders." *Peters-Turnbell v. Bd. of Ed. of City of New York*, No. 96 CIV. 4914(SAS), 1999 WL 959375, at *4 (S.D.N.Y. Oct. 20, 1999). The fifth factor therefore weighs in favor of dismissal.

Thus, after carefully considering each of the factors set forth above, the Court concludes that dismissal is warranted pursuant to Federal Rule of Civil Procedure 41(b). The Clerk of the Court shall take all steps necessary to close this case.

IT IS SO ORDERED.

                                                            ___*Richard J. Arcara*___
                                                    HONORABLE RICHARD J. ARCARA
                                                    UNITED STATES DISTRICT COURT

Dated:  February 9, 2017